UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:12-CR-500 |
| | § | |
| ISRAEL SAUL MENDOZA | § | |

## **ORDER**

Pending before the Court is Israel Saul Mendoza's motion requesting that his state and federal sentences run concurrently, that he be given credit towards both sentences, and that the start date for both sentences be June 13, 2012, the date of his arrest. He complains of a due process violation which is prolonging his sentences. He states that he was regularly transferred between federal facilities and county jails to address his cases so there is confusion regarding the credit he should be given toward his sentences. (D.E. 22). Mendoza's motion is DENIED for the reasons stated below.

Mendoza was arrested by the Corpus Christi Police Department (CCPD) on June 13, 2012, in connection with a drive-by shooting. He was taken into custody. (D.E. 1). A search of his residence revealed marijuana and ammunition. (*Id.*).

A complaint was filed in federal court alleging that Mendoza was a felon who unlawfully possessed ammunition. He was brought to federal court pursuant to a Writ of Habeas Corpus ad Prosequendum on June 21, 2012. He was detained, and indicted a month later on the charge. (D.E. 7).

On December 4, 2012, Mendoza was sentenced in federal court to 46 months in the Bureau of Prisons, followed by three years of supervised release. (D.E. 20).

Mendoza had two state charges pending in Nueces County, Texas, a possession of marijuana charge (misdemeanor) and a deadly conduct charge (felony). Both charges arose from the June 13th incident and were reflected in the Presentence Investigation Report. The prospective sentences in the state cases were not addressed at the sentencing hearing or in the federal judgment.

Mendoza states that he was in federal custody from June 22, 2012, until December 12, 2012, when he was returned to the Nueces County jail to address the deadly conduct charge. He was convicted and sentenced to three years in state prison for that charge. He was returned to federal custody on December 14, 2012, where he remained for about a week, and was then returned to the Nueces County jail to address the marijuana charge. Mendoza remained in the Nueces County jail until he was transferred to the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ–CID) on January 22, 2013, to serve his state sentences. He is still confined at TDCJ-CID. Mendoza requests that his federal sentence run concurrent with his concurrent state sentences.

"Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003); *Hunter v. Tamez*, 622 F.3d 427 (5th Cir. 2010); 18 U.S.C. § 3584(a). "A district court must specify in its sentencing order that sentences run concurrently; otherwise, they run consecutively." *Miles*, 333 F.3d at 553. Although a federal court has discretion to permit the concurrent running of a yet-to-be imposed state sentence, the court must

include an express statement in the federal judgment, otherwise there is a presumption that the sentences run consecutively. *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000) ("district court may order that a federal sentence run concurrent with a forthcoming state sentence"). In this case, because the federal court judgment is silent regarding the states sentences, Mendoza's federal sentence runs consecutively to the state sentences.

Mendoza relies on article 42.08 of the Texas Code of Criminal Procedure and *Ex parte Lawson*, 266 S.W. 1101 (Tex. Crim. App. 1906), to support his request that the sentences run concurrently. In *Lawson*, the defendant was sentenced in federal court. He was then convicted and sentenced in state court. The state judgment failed to address whether the sentence was suspended until completion of his federal sentence. The court found that this failure to specify how the sentences would run resulted in concurrent sentences. As discussed above, this is not the law that applies to federal cases.

Mendoza will likely be transferred to federal custody when he completes his state sentences. If he believes that he has not been given proper credit toward his federal sentence, he can challenge the Bureau of Prison's calculation in a petition pursuant to 28 U.S.C. § 2241. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); *United States v. Gabor*, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought

pursuant to § 2241). Before Mendoza files such a petition, he is required to exhaust administrative remedies within the Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329, 335 (1992). Additionally, a challenge to the BOP's calculation of sentencing credit pursuant to 28 U.S.C. § 2241, *must* be filed in the district where the defendant is incarcerated. *See Pack*, 218 F.3d at 451.

Mendoza's motion (D.E. 22) is DENIED.

ORDERED this 28th day of May, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE